## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62123-BLOOM/Valle

THREE BOYS, LLC,

      Plaintiff,

v.

GREY DOOR LUXURY HOMES, LLC,
and INSYNCRUS CORP.,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Final Judgment, ECF No. [57] ("Motion"), filed on November 1, 2019. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

On September 13, 2018, Plaintiff Three Boys, LLC ("Plaintiff") served a copy of the summons and Complaint, ECF No. [1], on Defendants Grey Door Luxury Homes, LLC ("Grey Door"), and Insyncrus Corp. ("Insyncrus") (collectively, "Defendants"), ECF No. [4]. On October 29, 2018, Defendants filed their Answers and Affirmative Defenses, ECF Nos. [12] & [13] (collectively, "Answers").

On September 9, 2019, Defendants' counsel filed two Motions to Withdraw as Attorney. ECF Nos. [44] & [45]. This Court granted both Motions to Withdraw and ordered Defendants to retain new counsel permitted to practice before this Court no later than September 25, 2019. ECF No. [47] ("Order on Motion to Withdraw"); *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A] corporation is an artificial entity that can act only through agents, cannot

appear pro se, and must be represented by counsel."). After failing to comply with the Court's Order on Motion to Withdraw and retain new counsel, on September 27, 2019, this Court ordered Defendants to show cause for their failure to retain new counsel by October 2, 2019. ECF No. [50]. When Defendants further failed to provide any notice indicating that they retained new counsel, the Court ordered Defendants to show cause by October 9, 2019, or face default. ECF No. [51].

After Defendants again failed to timely respond or comply, the Court issued an Order on Default Procedure, requiring Plaintiff to submit a Motion for Entry of Clerk's Default. ECF No. [52]. Based on Defendants' failure to comply with Court orders, the Court struck Defendants' Answers, effective on October 10, 2019. ECF No. [58]. Plaintiff thereafter filed a Motion for Clerk's Entry of Default, ECF No. [53], which the Clerk of Court entered the same day, ECF No. [54]. October 22, 2019, the Court entered an Order on Default Judgment Procedure, indicating that Default Final Judgment would be entered against Defendants if they failed to move to set aside the Clerk's Default. ECF No. [55]. To date, Defendants have not moved to set aside the Clerk's Default or filed any other paper in response to this Court's orders.

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206.

By virtue of the Clerk's default and their failure to respond to this Court's orders, Defendants are deemed to have admitted the allegations in Plaintiff's Complaint. Plaintiff has established liability against Defendants in the following amounts based on (1) Grey Door's failure to perform its obligations under its agreement with Plaintiff for property development, and (2) Insyncrus's unjust enrichment from Grey Door's illegitimate use of Plaintiff's investment funds to finance Insyncrus's separate operations, as described in the Complaint. Further, Plaintiff has established its entitlement to an award of attorney's fees pursuant to the terms of its contractual agreement with Grey Door, attached to the Complaint. ECF No. [1-1].

1. Plaintiff has established damages against Grey Door for Grey Door's breach of contract in the amount of $500,000.00, plus pre-judgment interest of $9,410.41, for a total of $509,410.41, with continuing interest at the relevant Florida statutory rate.

2. Plaintiff has established its entitlement to an award of attorney's fees in the amount $37,950.37, plus costs in the amount $11,892.09, for a total of $49,842.46, against Grey Door pursuant to the terms of their contractual agreement.

3. Plaintiff has established damages against Insyncrus for Insyncrus's improper receipt and use of Plaintiff's funds to finance its independent development project in the amount of $80,000.00, plus pre-judgment interest of $1,532.92, for a total of $81,532.92, with continuing interest at the relevant Florida statutory rate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Final Default Judgment Against Defendants, **ECF No. [57]**, is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Default Final Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 12, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Insyncrus Corp.
c/o Stanley Young
700 NE 16th Terrace
Fort Lauderdale, Florida 33304

Grey Door Luxury Homes, LLC
c/o Stanley Young
700 NE 16th Terrace
Fort Lauderdale, Florida 33304